NO. 07-08-0362-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2009
_____

In the Interest of A.J.B. and A.K.B., Children
_____

FROM THE 237th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-543,112; HON. JAY GIBSON, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mark David Bural appeals from a judgment awarding the Office of the Attorney General $86,301.96, a sum representing the amount of child support he failed to pay. Through one issue, he asserts that because he continued to live with the mother of his children for nine years after the divorce and provided some physical and economic assistance, he should be allowed an offset. We disagree and affirm the judgment.

Normally, a trial court cannot reduce or modify the amount of child support arrearage. TEX. FAM. CODE ANN. §157.262(a) (Vernon 2008). There are exceptions, such as when the obligee voluntarily relinquished actual possession and control of the child to the obligor for a time in excess of that specified in the custody/possession order. *Id.* §157.008(a) & (b). Additionally, the sum owed may be subject to a counterclaim or offset.

*Id.* §157.262(f). Regarding the former, no one contends that the obligee (*i.e.* the children's mother) voluntarily relinquished possession or control of the children to Bural as required by the statute. So, it is of no benefit to Bural here.

As for the latter, Bural cites us to no evidence of the amount allegedly comprising his offset. This is problematic because the evidence of record illustrated that the obligee supported the children. And, according to authority, where the obligor was not the sole source of support, it is encumbent upon him to provide some evidence of the amount of support actually paid. *Pedregon v. Sanchez*, 234 S.W.3d 90, 95-96 (Tex. App.–El Paso 2007, no pet.); *compare Hall v. Hall,* No. 09-06-206-CV, 2007 Tex. App. LEXIS 5883 at *6-7 (Tex. App.–Beaumont July 26, 2007, no pet.) (holding that the father was entitled to an offset for the time that he continued to live with his former spouse because the record showed a voluntary relinquishment of custody in excess of any court-ordered periods and he provided the court with documentation of the sums he paid to support the child). Simply put, without an amount to offset, there can be no offset.

We further note that an offset or setoff is an affirmative defense. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980). As such, the party asserting it has the burden of pleading the matter. *Id.* Our review of the record uncovered no pleading of Bural wherein he raised it. Thus, the affirmative defense was waived.

Accordingly, the issue is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice